**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| VS. | * NO: 4:08CR00421   SWW |
| GARY RAY TRUXLER | * |

## ORDER

Defendant Gary Ray Truxler is charged with two counts of conspiracy to possess with intent to distribute and one count of attempt to possess with intent to distribute marijuana. Before the Court is Defendant's motion for early preparation of a presentence report or for other relief addressing Defendant's serious health concerns.  After careful consideration, and for reasons that follow, the Court denies Defendant's request for early preparation of a presentence report.  However, the Court will give careful consideration to a motion for release pending sentencing, pursuant to 18 U.S.C. § 3145(c).

Defendant has provided his counsel extensive medical records showing that he suffers from serious health conditions including hepatitis C, diabetes, cirrhosis of the liver, an enlarged heart, congestive heart disease, chronic obstructive pulmonary disease, edema, and high blood pressure.  The case is set for a change of plea hearing on September 30, 2009.  However, in light of Defendant's serious health problems and his need for special medical care, Defendant believes

that immediate detention in jail following a guilty plea,[1] will put his health at risk.

Defendant proposes that the United States Probation Office ("USPO") prepare his presentence report before his guilty plea in order to allow the Bureau of Prisons to begin an expedited process of designating Defendant to a prison medical center or other appropriate facility.  Defendant requests that, if the relief he seeks is not possible, the Court instruct the USPO and the United States Marshal Service to investigate how to address the health risks that would result if he is immediately detained following a guilty plea.

The Court declines to order the preparation of a presentence report before a guilty plea.  The Court cannot assume that Defendant has carefully weighed important matters that he must consider before entering a guilty plea, including the loss of valuable rights.  Additionally, Defendant notes that he has an extensive criminal history, and the Court will not order the preparation of a  presentence report, a work-intensive undertaking, in anticipation of a guilty plea that may never occur.

Although the Court denies the relief requested, the Court will give careful consideration to a motion pursuant to 18 U.S.C. § 3145(c), alleging that exceptional reasons make detention following a guilty plea inappropriate in this case.[2]

---

[1] Title 18 U.S.C. § 3143(a)(2) requires immediate detention upon conviction of a serious drug trafficking offense.

[2] Unless the exceptions for immediate detention set forth under 18 U.S.C. § 3143(a)(2)(A)(i)&(ii) apply, the only possible avenue for release is a clear showing "that there are exceptional reasons why [Defendant's] detention would not be appropriate."  18 U.S.C. § 3145(c).  The "exceptional reasons" provision is contained in a section of the statute authorizing appeal from a detention order.  However, the Eighth Circuit has applied § 3145(c) to review whether a district court erred in refusing to order a defendant detained while awaiting sentencing.  *See United States v. Larue,* 478 F.3d 924, 925 (8th Cir. 2007); *United States v. Brown*, 368 F.3d 992 (8th Cir. 2004).  Accordingly, the Court assumes that it has authority to grant relief under § 3145(c) upon a showing that exceptional reasons warrant release pending sentencing.

IT IS THEREFORE ORDERED that Defendant's motion for preparation of a presentence report before entering a guilty plea (docket entry #31) is DENIED WITHOUT PREJUDICE to Defendant's right to file a motion for relief under 18 U.S.C. § 3145(c).

IT IS SO ORDERED THIS 28TH DAY OF SEPTEMBER, 2009.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE